**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL CARRILLO-GASTELLUM, | No. 13-71782 |
| Petitioner, | Agency No. A205-317-895 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Rafael Carrillo-Gastellum, a native and citizen of Mexico, petitions for

review of the Department of Homeland Security's ("DHS") May 20, 2013, order

reinstating his January 19, 2013, expedited removal order. Our jurisdiction is

governed by 8 U.S.C. § 1252. Our review is "limited to confirming the agency's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1136-37 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The DHS did not err in issuing Carrillo-Gastellum's reinstatement order, where the record shows, and Carrillo-Gastellum does not contest, that he is an alien, he was subject to a prior expedited order of removal in 2013, and he illegally reentered subsequent to that order. *See id.* at 1137 (the court's jurisdiction is limited to reviewing the "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner re-entered illegally"); 8 U.S.C. § 1231(a)(5) (if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date").

In light of our limited jurisdiction, *see Garcia de Rincon*, 539 F.3d at 1137, Carrillo-Gastellum's contentions challenging a prior voluntary departure in 2012 are not properly before this court. *See* 8 U.S.C. § 1252(a)(1), (b).

13-71782

Carrillo-Gastellum's request to hold his case in abeyance pending resolution of *Lopez-Venegas v. Johnson*, No. 2:13-cv-03972 (C.D. Cal., filed June 4, 2013), is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**